J-A06011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER HARRISON | |
| Appellant | No. 582 EDA 2013 |

Appeal from the Order February 7, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0817821-1982

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 01, 2015**

Appellant, Christopher Harrison, appeals from the February 7, 2013 order denying his motion to correct the judgment of sentence imposed on November 28, 1990.  Harrison contends that the judgment of sentence is patently illegal, and that the Department of Correction's interpretation of the sentence is not supported by the text of the order.  We affirm.

On April 20, 1983, Harrison was sentenced to three concurrent terms of incarceration of 4 to 10 years on convictions of rape, involuntary deviate sexual intercourse, and burglary.  The trial court also sentenced Harrison to a consecutive term of probation of 5 years for aggravated assault. Harrison's sentence was subsequently reduced to 18 to 36 months of imprisonment, to be followed by a 10 year term of probation on all other charges.

On November 28, 1990, Harrison's probation was revoked, and the trial court imposed an aggregate term of imprisonment of 15 to 30 years. At the hearing, the trial court indicated that Harrison was to serve this sentence before serving any other existing sentence. Shortly thereafter, the Pennsylvania Department of Corrections ("DOC") wrote to the trial court, indicating that Pennsylvania law did not provide for the possibility of imposing a sentence to be served prior to a previously imposed sentence that was already being served. Consequently, the DOC sought guidance on the trial court's intent in imposing sentence.

The trial court replied, indicating that it had been unaware of Harrison's existing sentence. Furthermore, the trial court stated that its intent was that Harrison would serve the 15 to 30 year sentence in addition to the previously imposed sentence. Upon receiving the trial court's letter, the DOC issued an internal memorandum directing that Harrison's sentence be served consecutively to the existing sentence.

On June 8, 2011, Harrison filed a petition for a writ of mandamus in the Commonwealth Court, challenging how the DOC was calculating his credit for time served. The Commonwealth Court dismissed his petition on November 30, 2011, noting that the remedy for Harrison's claim lay in the form of a petition *nunc pro tunc* to the trial court for correction of his judgment of sentence.

Thereafter, Harrison filed a petition for reconsideration of his sentence in the trial court. The trial court initially denied the petition on July 23, 2012. However, the trial court vacated the order after Harrison pled that he had not received notice of the order. The trial court reinstated its order denying Harrison's petition as of February 7, 2013. This timely appeal followed.

On appeal, Harrison argues that the trial court erred in denying his petition, as he alleges that the signed sentencing order does not provide a foundation for imposing the sentence consecutively to the prior sentence. The Commonwealth contends that Harrison's petition was an untimely petition pursuant to the Post Conviction Relief Act ("PCRA"). As the Commonwealth's argument raises an issue with our jurisdiction, we must address the Commonwealth's argument first.

The Commonwealth contends that since Harrison is arguing that the sentence imposed by the trial court was illegal, his petition is, by necessity, a petition under the PCRA. However, a close reading of Harrison's brief and reply brief reveal that he is asserting that the written sentencing order contains a patent error, and that the DOC has improperly resolved the error in a manner that does not comport with Pennsylvania law.

In an absence of traditional jurisdiction, Pennsylvania courts retain the power to correct patent errors. *See Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007). The limitations of jurisdiction contained in 42 Pa.C.S.A. §

5505 are irrelevant to this power. ***See id***. Thus, a trial court retains jurisdiction to correct "errors in its records or orders so they speak the truth, and thereby reflect what actually took place in judicial proceedings." ***Commonwealth v. Borrin***, 80 A.3d 1219, 1227 (Pa. 2013) (internal quotation marks and citations omitted).[1] The hallmark of this jurisdiction is the obvious nature of the error in the order, and not the illegality itself. ***See id***., at 1228. Thus, Harrison's claim does not fall under the ambit of the PCRA; it is rather a request for the trial court to exercise its inherent power to correct patent errors. We find no merit to the Commonwealth's argument that Harrison's petition was, by necessity, a petition pursuant to the PCRA.

Turning to the merits of Harrison's arguments, we have no difficulty in affirming the trial court's order refusing to correct the written sentencing order. While the written sentencing order clearly contains an error of law that is obvious on its face, it just as clearly evinces the intent to not allow

---

[1] ***Borrin***'s lead opinion only garnered the votes of three Justices, which raises a question of its precedential authority. However, Justice Eakin, writing in dissent, notes that to the extent there was an error in the written sentencing order at issue, it was "a clear, patent, and obvious error which the trial judge was empowered to correct." 80 A.3d at 1238. Justices Castille and Stevens joined Justice Eakin's dissent. Only Justice Saylor's concurring opinion raises any challenge to this proposition. ***See id***., at 1234, n.1 ("[I]t would be preferable to simply rely more consistently on the axiom that untimely challenges to sentencing orders which are reasonably unambiguous on their face are disfavored."). As a result, six of the seven Justices agreed that the trial court retained the inherent power to correct patent and obvious errors in a sentencing order outside the limitations contained in 42 Pa.C.S.A. § 5505.

Harrison to serve the sentence concurrently with any existing sentence. The method chosen by the trial court to ensure that the sentence was not served concurrently may have been illegal, but it does not render ambiguous the trial court's clear intent to have Harrison serve this sentence in addition to any sentence he had already been serving.

In sum, we conclude that the trial court had jurisdiction to entertain Harrison's petition to correct his sentence, as the original sentencing order contained a patent error. However, we conclude that the trial court properly denied Harrison relief, as there is no ambiguity, either in the written sentencing order or in the transcript of the sentencing hearing, that the trial court intended for the judgment of sentence to be served in a non-concurrent manner.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2015